IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WANDA SMITH BATTLE | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| SOUMAYA DEY; JEFF MAROOTIAN; and | ) |
| DISTRICT OF COLUMBIA DEPARTMENT | ) |
| OF TRANSPORATTION | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff Wanda Smith Battle, by and through her attorney of record, Charles Tucker, Jr. and the TuckerMoore Group, and files this her Complaint for damages. In support thereof, Plaintiff avers as follows.

### PARTIES

1. Plaintiff Wanda Smith Battle ("Plaintiff") is an African American, female adult resident and citizen of Washington, District of Columbia.

2. Plaintiff is an employee for the District of Columbia Department of Transportation for the purposes of Title VII.

3. Defendant Soumya Dey ("Defendant Dey") is an adult male and is/was an employee of District of Columbia Department of Transportation.

4. Defendant Jeff Marootian ("Defendant Marootian") is an adult male and is/was an employee of District of Columbia Department of Transportation.

5. Defendant District of Columbia Department of Transportation ("Defendant DOT") is an entity registered to conduct business in the District of Columbia.

6. Defendant DOT was Plaintiff's employer for purposes of Title VII.

## JURISDICTION AND VENUE

7. This is a suit to obtain relief for gender discrimination and race discrimination under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff alleges the Defendants subjected her to unlawful harassment because of her gender, female, and her race, African-American. Plaintiff seeks relief under 42 U.S.C. § 1981 and 42 U.S.C.§ 1983 for violations of her civil rights by Defendants.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 28 U.S.C. § 2202.

9. Venue is proper in that the alleged acts occurred in the District of Columbia.

## ADMINISTRATIVE REMEDIES

10. Plaintiff filed with the United States Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant (Charge No. 570-2018-02946).

11. The EEOC issued a Dismissal and Notice of Rights ("Right to Sue Letter") for Charge 570-2018-02946 dated December 11, 2018.

12. Plaintiff initiated this action within 90 days of December 11, 2018.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

14. Plaintiff is an African-American, female employee of Defendant DOT.

15. As an employee of Defendant DOT, Plaintiff served as a Program Management Analyst in the Traffic Operations and Safety Division.

16. Defendant Soumya Dey is or was employed in a supervisory position to Plaintiff.

17. While employed by Defendant DOT, Plaintiff has endured discriminative acts from Defendant Soumya Dey.

18. Defendant Dey's conduct includes, but is not limited to, insulting Plaintiff's competence and experience without justification or merit.

19. Defendant Dey's conduct includes, but is not limited to, stating that Plaintiff lack the mental compacity to comprehend complex issue related to her field without justification or merit.

20. Defendant Dey's conduct includes, but is not limited to, insulting Plaintiff's intelligence without justification or merit.

21. Defendant Dey's conduct includes, but is not limited, denying Plaintiff the ability, on July 24, 2018, to attend a previously approved conference because he believed that Plaintiff lacked the ability to "comprehend."

22. Defendant Dey's conduct includes, but is not limited, referring African-American students as "those people" and stating that lack the aptitude to be employed by the District of Columbia Department of Transportation.

23. Defendant Dey's racist conduct were only committed towards African-American employees and potential employees.

24. Department DOT had actual knowledge of Defendant Dey's discriminatory acts as Plaintiff immediately complained.

25. Further, another employee previously complained about Defendant Dey's derogatory and racists comments regards African-American students.

26. Department DOT failed to take any action against Defendant Dey despite numerous reports from employees, including Plaintiff.

27. Plaintiff further was responsible for promoting an extremely difficult department from noncompliant to compliant within eight months.

28. Plaintiff's natural next step would have been a promotion.

29. Plaintiff was instead taken out of her position and placed into another position where she was forced to bring the department from noncompliant to compliant.

30. An employee with less credential and experience than Plaintiff was placed in Plaintiff's previous position.

31. This employee was allowed to continue Plaintiff's work and take credit for the work Plaintiff had placed in bringing the previous department into compliance.

32. When Plaintiff was placed in her new position, she inquired as to if she would be promoted as well.

33. Plaintiff felt as though when she was asked to move in her new position she had no choice.

34. Specifically, whenever Plaintiff was requested to move positions, Defendant Marootian stated "you wanna stay here don't you."

35. Plaintiff feared that statement meant that if she did not agree to move into the new positions, she would be at risk of losing her job.

36. Defendant Marootian's statement was a form of intimidation against Plaintiff.

37. Defendant Marootian did not display the same harassing and intimidating conduct towards similarly situated employees as Plaintiff who were not members of a protected class.

38. Plaintiff never received any promotion.

39. Further, Plaintiff is continuously looked over for promotions and new positions within Defendant DOT.

40. Employees who were in a similarly situated position as Plaintiff received promotions.

41. Defendants discriminatory conduct took place beginning as early as June 2018 and continued through Plaintiff's employment.

## COUNT I

### TITLE VII
### RACE DISCRIMINTAITON

42. Plaintiff adopts the above facts in support of this Count.

43. This is a claim against Defendants Dey, Marootian and DOT under Title VII of the Civil Rights Act of 1964, as amended.

44. The conduct of Defendants alleged herein violates Title VII because Plaintiff has been required to work in a hostile environment which was tainted by impermissible race discrimination, which included the Plaintiff being subjected to repeated harassment and intimidation over a period of time.

45. Plaintiff is a member of a protected group and did not welcome the harassing and hostile work environment created by Defendants.

46. Plaintiff was discriminated based on her being an African American female.

47. Defendant Dey subjected Plaintiff to derogatory and racist comments in regard to Plaintiff's mental compacity, ability to comprehend, and intelligence causing Plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered her work conditions.

48. Plaintiff objected to Defendants Marootian and Dey's conduct, but not action or recourse was taken against Defendants Dey or Marootian.

49. Plaintiff objected to Defendant DOT about Defendants Marootian and Dey's conduct, but no action or recourse was taken against Defendant Dey or Marootian.

50. Plaintiff is repeatedly overlooked or denied opportunities for promotions and advancement in Department DOT.

51. Plaintiff was continuously placed in position of similar status as her previous position despite her credentials and experiences.

52. Employees in similarly situated positions, and not of a protected class, routinely received promotions and advancement in Department DOT.

53. Whenever Plaintiff was requested to move into similar situated positions, Defendant Marootian used intimidating and harassing conduct to intimate Plaintiff to comply with his requests.

54. Defendant Marootian does not use intimidating and harassing conduct with similarly situated employees as Plaintiff who are not members of a protected class.

55. Such unlawful employment practices proximately caused Plaintiff to suffer emotional injuries for which she claims damages.

56. Defendants subjected Plaintiff to offensive and unwanted conduct based on her race which was severe or pervasive enough to alter her working conditions.

57. Defendants Dey, Marootian, and DOT are liable for discriminatory conduct to which they subject Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment under Title VII, as amended against Defendants DOT, Marootian, and Dey pursuant to an Order awarding:

    a. compensatory damages to be determined by the trier of fact;

    b. nominal damages to be determined by the trier of fact;

    c. punitive damages to be determined by the trier of fact

    d. declaratory and injunctive relief;

    e. that relief which is fair, just, and equitable under the circumstances of this case;

    f. reasonable attorneys fees; and

g. the costs of this suit.

## COUNT II

## TITLE VII
## GENDER DISCRIMINATION

58. Plaintiff adopts the above facts in support of this Count.

59. This is a claim against Defendants Dey, Marootian, and DOT under Title VII of the Civil Rights Act of 1964, as amended.

60. The conduct of Defendants alleged herein violates Title VII because Plaintiff has been required to work in a hostile environment which was tainted by impermissible gender discrimination, which included the Plaintiff being subjected to repeated harassment and intimidation over a period of time.

61. Plaintiff is a member of a protected group and did not welcome the harassing and hostile work environment created by Defendants.

62. Plaintiff was discriminated against based on her being an African American female.

63. Defendant Dey subjected Plaintiff to derogatory and racist comments in regard to Plaintiff's mental compacity, ability to comprehend, and intelligence causing Plaintiff's work environment to be permeated with discriminatory conduct, ridicule, and insult that altered her work conditions.

64. Plaintiff objected to Defendants Marootian and Dey's conduct, but not action or recourse was taken against Defendant Dey or Marootian.

65. Plaintiff objected to Defendant DOT about Defendants Marootian and Dey's conduct, but no action or recourse was taken against Defendant Dey or Marootian.

66. Plaintiff is repeatedly overlooked or denied opportunities for promotions and advancement in Department DOT.

67. Plaintiff was continuously placed in position of similar status as her previous position despite her credentials and experiences.

68. Employees in similarly situated positions, and not of a protected class, routinely received promotions and advancement in Department DOT.

69. Whenever Plaintiff was requested to move into similar situated positions, Defendant Marootian would used intimated and harassing conduct to intimate Plaintiff to comply with his requests.

70. Defendant Marootian does not use intimidating and harassing conduct with similarly situated employees as Plaintiff who are not members of a protected class.

71. Such unlawful employment practices proximately caused Plaintiff to suffer emotional injuries for which she claims damages.

72. Defendants subjected Plaintiff to offensive and unwanted conduct based on her race which was severe or pervasive enough to alter her working conditions.

73. Defendants Dey, Marootian, and DOT are liable for discriminatory conduct to which they subject Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests the entry of judgment under Title VII, as amended against Defendants DOT, Marootian and Dey pursuant to an Order awarding:

    a. compensatory damages to be determined by the trier of fact;

    b. nominal damages to be determined by the trier of fact;

    c. punitive damages to be determined by the trier of fact

    d. declaratory and injunctive relief;

    e. that relief which is fair, just, and equitable under the circumstances of this case;

    f. reasonable attorneys fees; and

g. the costs of this suit.

JURY TRIAL DEMANDED.

Respectfully submitted,

<u>/s/ Charles Tucker, Jr.</u>
Charles Tucker, Jr.
TuckerMoore Group
8181 Professional Place, Suite 117
Hyattsville, MD 20785
Phone: 301-577-1175
Email: Charles@tuckerlawgroupllp.com
ATTORNEY FOR PLAINTIFF